| | |
|---|---|
| 1 | RICHARD H. RAHM, Bar No. 130728 |
|   | rrahm@littler.com |
| 2 | LITTLER MENDELSON, P.C. |
|   | 650 California Street, 20th Floor |
| 3 | San Francisco, CA  94108.2693 |
|   | T: 415.433.1940  /  F: 415.399.8490 |
| 4 | |
|   | JAMES E. HART, Bar No. 194168 |
| 5 | jhart@littler.com |
|   | THOMAS J. WHITESIDE, Bar No. 259505 |
| 6 | twhiteside@littler.com |
|   | LITTLER MENDELSON, P.C. |
| 7 | 2050 Main Street, Suite 900 |
|   | Irvine, CA  92614 |
| 8 | T: 949.705.3000  /  F: 949.724.1201 |
| 9 | CARLY NESE, Bar No. 265342 |
|   | cnese@littler.com |
| 10 | LITTLER MENDELSON, P.C. |
|   | 2049 Century Park East, 5th Floor |
| 11 | Los Angeles, CA  90067.3107 |
|   | T: 310.553.0308  /  F: 310.553.5583 |
| 12 | |
|   | Attorneys for Defendant |
| 13 | KNIGHT TRANSPORTATION, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK LACROSS, and ROBERT LIRA, on behalf of themselves and all others similarly situated, | | Case No. |
| | | *SAN BERNARDINO SUPERIOR COURT CASE:* **CIVDS1402565** |
| Plaintiffs, | | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT KNIGHT TRANSPORTATION, INC.** |
| v. | | |
| KNIGHT TRANSPORTATION, INC., an Arizona Corporation; and DOES 1 through 100, inclusive, | | **[28 U.S.C. §§ 1332, 1441 & 1446]** |
| Defendants. | | Complaint Filed:  March 3, 2014 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Knight Transportation, Inc. ("Knight Transportation" or "Defendant") contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act ["CAFA"]).

## I. PROCEDURAL BACKGROUND

1. This lawsuit arises out of the work performed by Plaintiffs Patrick LaCross and Robert Lira ("Plaintiffs") as company drivers for Knight Transportation. On March 3, 2014, Plaintiff filed a complaint in the Superior Court of the State of California, County of San Bernardino, entitled *PATRICK LACROSS and ROBERT LIRA, on behalf of themselves and all others similarly situated v. KNIGHT TRANSPORTATION, INC., an Arizona Corporation; and DOES 1 through 100, inclusive*, designated as Case No. CIVDS1402565 ("Complaint"). *See* Declaration of Carly Nese ("Nese Decl.") ¶ 2, Exhibit ("Exh.") 1. The Complaint asserts the following purported claims for relief: (1) Recovery of Unpaid Wages; (2) Failure to Provide Meal Periods; (3) Illegal Deductions from Wages; (4) Failure to Reimburse Business Expenses; (5) Failure to Timely Pay Wages Upon Separation; (6) Unfair Business Practices. *See* Nese Decl., ¶ 2, Ex. 1.

2. On March 19, 2014, Plaintiffs served the Summons and Complaint on Knight Transportation. A true and correct copy of the Summons and Complaint package served upon Knight Transportation is attached as Exhibit 1 to the Nese Declaration.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3. On April 17, 2014, Knight Transportation filed its Answer to Plaintiffs' Complaint in the Superior Court of California for the County of San Bernardino. A copy of Knight Transportation's Answer is attached hereto as Exhibit 2 to the Nese Declaration.

4. Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served upon Knight Transportation or filed or received in this action by it. To Knight Transportation's knowledge, no further process, pleadings, or orders related to this case have been filed in San Bernardino County Superior Court or served by any party.

5. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

## II.     REMOVAL PROCEDURE

### A.     Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days.

6. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of defendant receiving the initial pleading, and within one-year of the commencement of the action. *See* 28 U.S.C. § 1446(a), (b). Removal of this action is timely because this Notice has been filed within thirty days from March 19, 2014, when Knight Transportation was served with the Complaint and first became aware this action was removable. *See* Nese Decl., ¶ 2, Ex. 1; *see also* 28 U.S.C. § 1446(b). It is also within one year of the commencement of the action on March 3, 2014. *See* 28 U.S.C. 1446(c). As referenced above, this Notice also contains all process, pleadings, and orders that Plaintiffs served on Knight Transportation. *See* Nese Decl., ¶ 2, Ex. 1.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

**B. Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.**

7. Venue is proper in this Court because Plaintiffs originally filed this action in San Bernardino County Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. § 1446(a). Venue of this action is also proper because jurisdiction is based on the Class Action Fairness Action of 2005 ("CAFA"), and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

## III. REMOVAL JURISDICTION

**A. Statement of Jurisdiction**

8. This Court has original jurisdiction over this action pursuant to the CAFA because: (1) at least one member (if not all) of Plaintiffs' class is citizen of a state different from Defendant; (2) Plaintiffs filed a class action on behalf of a class with more than 100 putative class members; and (3) the amount in controversy exceeds the sum of five million dollars, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

**B. Diversity Exists Because Plaintiffs Are California Citizens And Defendant Is a Citizen of Arizona.**

9. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiffs specifically allege in their Complaint that they were at the time of the filing of this action, and currently are, residents and citizens of the State of California. Nese Decl., Exhibit 1, Complaint, respectively ¶¶ 7 and 9; *see also, District of Columbia v. Murphy*, 314 U.S. 441, 455 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."); *Gutterman v. Wachovia Mortgage*, 2011 U.S. Dist. LEXIS 74521, *4

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

(C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California).

11.   For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiffs' Complaint concedes that Knight Transportation "is now and/or at all times mentioned in this Complaint was an Arizona corporation…"  Nese Decl., Ex. 1, ¶ 14.  At the time this action was commenced in state court, Knight Transportation was, and still is, a corporation organized under the laws of the State of Arizona.  *See* Declaration of Kevin Quast ("Quast Decl."), ¶ 2.  In addition, Knight Transportation's principal place of business, where its corporate offices and headquarters which house its executive and administrative functions are located, is in Phoenix, Arizona.  *See id.* at ¶ 2.  Thus, Knight Transportation is a citizen of the State of Arizona, where it is incorporated and where it has its principal place of business.  *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

12.   No other party other than Knight Transportation has been named or served as of the date of this removal.  The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

13.   As set forth above, Plaintiffs are citizens of the State of California, while Knight Transportation is a citizen of the State of Arizona.  *See* Nese Decl. ¶2, Ex. 1, ¶¶ 7, 9.  Thus, complete diversity of citizenship exists in the instant case because the parties, Plaintiffs and Defendant, are citizens of different states.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

    **C.    Plaintiffs Allege Claims On Behalf Of More Than 100 Putative Class Members.**

14.    The CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

15.    Plaintiffs allege their causes of action with respect to two purported classes of current and former Knight Transportation employees within the State of California, holding the position of "Company Driver." The first class is alleged to consist of those employees who were "paid a specified amount per mile," and the second class is alleged to consist of those employees "that were paid a portion of the amount paid by the customer." *See* Nese Decl., Ex. 1, ¶ 31. The relevant time period in this lawsuit is defined in the Complaint as "the four (4) years preceding the filing of this complaint, up to and through the entry of judgment in this matter." *Id.* at Ex. 1, ¶ 4. Because the Complaint was filed on March 3, 2014, Plaintiffs thus seek to represent all Knight Transportation "Company Drivers" from March 3, 2010 up to and through the entry of judgment in this matter. *Id*.

16.    Plaintiffs allege that they have estimated that the "Classes number greater than 100 individuals." *See* Nese Decl., Ex. 1, ¶ 33. In fact, there are approximately 1,000 California-based putative class members as defined by Plaintiff. *See* Quast Decl. ¶ 5. CAFA's numerosity requirement is accordingly satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

    **D.    The Amount In Controversy Is Over Five Million Dollars Based On The Damages and Statutory Penalties Sought By Plaintiffs.**

17.    The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.

matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Where a plaintiff's state-court complaint does not allege an amount in controversy, the removing defendant need only establish that plaintiff's claims exceeds the jurisdictional minimum by a preponderance of evidence. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006). That is, the defendant need only provide evidence demonstrating that it is "more likely than not" that the amount in controversy exceeds CAFA's five million dollar requirement. *See Guglielmino,* 506 F.3d at 699.

18. Knight Transportation denies the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, and notwithstanding Plaintiffs' failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiffs in this case exceeds the sum of five million dollars.

19. In addition to attorneys' fees, Plaintiffs seek "the unpaid balance of the full amount of the straight time compensation and overtime premiums owing" for allegedly unpaid wages and overtime wages pursuant to Labor Code section 1194. *See* Nese Decl. ¶2, Ex. 1, ¶ 60. Similarly, Plaintiffs seek, without limitation, compensation for allegedly unpaid wages and penalties owed to putative class members upon their separation of their work relationship from Defendant, calculated as "each Classes [sic] members' daily wage multiplied by thirty (30) days." *Id.* at Ex. 1, ¶ 107. Pursuant to Section 11 of Wage Order No. 9-2001 and Labor Code sections 226.7 (b) and 512, Plaintiffs also seek "damages in an amount equal to one (1) hour of wages per missed meal period." *Id.* at Ex. 1 ¶ 77. Plaintiffs further seek damages

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6.

pursuant to Labor Code section 2802 for "the full amount of the expenses they incurred in the course of their job duties." *Id.* at Ex. 1 ¶ 100. Finally, pursuant to Business and Professions Code section 17200 *et seq.*, Plaintiffs seek, "full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein." *Id.* at ¶ 167.

### a. Based On The Allegations In The Complaint, Plaintiffs' Claims for Recovery of Unpaid Wages Amounts to Over Thirteen Million Dollars.

20. In the Complaint, Plaintiffs allege that Knight Transportation failed to pay Plaintiffs "overtime and/or regular wages and/or minimum wages based on Defendants' uniform policies and procedures." *See* Nese Decl., Ex. 1, ¶ 48. In this respect, Knight Transportation does not pay its drivers overtime. *See* Quast Decl. ¶ 9. Knight Transportation has, on average, approximately 300 positions that are filled for 52 weeks each year. *See* Quast Decl. ¶ 5. Knight Transportation conservatively estimates that its drivers work approximately nine hours a day, five days a week, *i.e.*, 5 hours of overtime a week. *See id.* at ¶ 7. Knight Transportation's drivers earn at least $15 per hour. *See id.* at ¶¶ 7-8. Therefore, Knight Transportation's potential exposure to unpaid overtime *conservatively* can be calculated as follows: five hours/week multiplied by $22.50 (OT rate), multiplied by 52 weeks, multiplied by 300 drivers, and multiplied by four years which yields **$7,020,000** in potential exposure to unpaid overtime.

21. Plaintiffs also allege that the Company Drivers are entitled to separate hourly pay for non-driving tasks such as (1) inspecting the vehicle and load, (2) loading the vehicle, (3) unloading the vehicle, (4) refueling, (5) repairs, (6) maintenance, (7) paperwork, (8) mandatory meetings, (9) changing light bulbs on the truck, (10) waiting for the truck to be repaired or maintained, (11) hooking up the trailer, (12) waiting for the trailer to be loaded, and (13) waiting for the customer to

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  unload the vehicle at the destination.  *See* Carly Decl., Ex. 1, ¶ 49.  In this respect,
2  Knight Transportation estimates that of the nine hours a day that Company Drivers
3  work, approximately two hours is classified on the driver's Department of
4  Transportation ("DOT") log as "on duty – not driving."  *See* Quast Decl. ¶ 7.  Insofar
5  as Plaintiffs' minimum wage theory is based on any time spent on non-driving
6  activities, then Knight Transportation would estimate that approximately two hours a
7  day is spent on such "non-driving" activities.  *See id.*  Knight Transportation's
8  potential exposure on Plaintiffs' minimum wage claim can be calculated as follows:
9  10 hours per week, multiplied by $8 per hour (minimum wage during class period),
10 multiplied by 50 weeks, multiplied by 300 drivers, and multiplied by four years,
11 which yields $4,800,000 in potential exposure for unpaid minimum wages.  Plaintiffs,
12 however, also seek liquidated damages in an amount equal to unpaid minimum wages,
13 pursuant to Labor Code section 1194.2(a), which arguably, as a penalty, has a one-
14 year statute of limitations.  *See* Nese Decl., Ex. 1, ¶ 58; Cal. Code of Civ. Pro. § 340.
15 Potential liquidated damages can be calculated as follows: 10 hours per week,
16 multiplied by $8 minimum wage, multiplied by 50 weeks, multiplied by 300 drivers,
17 which yields potential liquidated damages of $1,200,000.  The total potential exposure
18 on Plaintiffs' minimum wage claims is thus **$6,000,000**.  Adding this amount to the
19 potential exposure on Plaintiffs' overtime claim of $7,020,000, yields a total exposure
20 on Plaintiffs' first cause of action for unpaid wages of **$13,020,000**.

21              **b.     Based On The Allegations In The Complaint, Claims for**
22                      **Waiting Time Penalties Amount to Over $3.8 Million.**

23       22.    Plaintiffs seek to recover statutory penalties under California Labor
24 Code section 203 on behalf of themselves and all members of the putative class.  *See*
25 Nese Decl., Ex. 1, ¶ 105.  In the three-year statute of limitations period for Labor
26 Code section 203 penalties, approximately 900 Company Drivers, as defined by the
27 Complaint, separated from Knight Transportation.  *See* Quast Decl. ¶ 6.  Plaintiffs
28 have alleged that Knight Transportation has "uniform policies and procedures" of not

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

8.

paying overtime or minimum wages for non-driving tasks. *See* Nese Decl., Ex. 1, ¶¶ 48, 56-57. Since Knight Transportation has had a policy of not paying overtime to its Company Drivers, and not compensating them separately for all non-driving tasks, each driver who separated from Knight Transportation would have alleged "unpaid wages," as defined in the Complaint. Knight Transportation's potential exposure to waiting-time penalties can be calculated as follows: 8 hours multiplied by $15/hour is $120; one hour of overtime (at $22.50) would increase the "daily wages" to $142.50; multiplied by 30 days yields a total $4,275; multiplied by 900 former employees amounts to **$3,847,500**.

      **c. Plaintiff's Claim For Attorney's Fees Will Likely Be Over $3 Million.**

  23. Plaintiffs also seek an award of attorneys' fees and costs. *See* Nese Decl., Ex. 1, ¶¶ 63, 79, 92, 100 and Prayer for Relief. In determining whether a complaint meets the amount in controversy requirement, a court should also consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California class actions, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See e.g., Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n. 11 (2008) (*quoting Shaw v. Toshiba America Information systems, Inc.*, 91 F. Supp. 2d 942, 972 ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery")). Even assuming a 20% fee, Plaintiff's attorneys' fees would be approximately **$3,373,500.**

  24. Removal of this action is therefore proper as the aggregate value of Plaintiffs' claims for damages and statutory penalties and attorneys' fees, estimated at over $15 million, is *well in excess* of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

9.

## IV. NOTICE OF REMOVAL TO THE COURT AND ADVERSE PARTY

25. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Bernardino, California as required by 28 U.S.C. section 1446(d).

## V. CONCLUSION

26. Defendant therefore removes the civil action filed against it in the California Superior Court, County of San Bernardino, to the United States District Court for the Central District of California.

Dated: April 18, 2014

/s/ Carly Nese
RICHARD H. RAHM
JAMES E. HART
THOMAS J. WHITESIDE
CARLY NESE
LITTLER MENDELSON, P.C.

Attorneys for Defendant
KNIGHT TRANSPORTATION, INC.

Firmwide:126464299.4 058898.1022

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940